# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RODNEY WILLIAMS,
ADC #79899                                                                                    PLAINTIFF

V.                                        5:16CV00320 JM/JTR

DANNY BURL, Warden,
Tucker Max Unit, ADC, et al.                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.  Introduction

Plaintiff, Rodney Williams ("Williams"), is a prisoner in the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights.

Before Williams may proceed with this case, the Court must screen his Substituted Complaint.[1] *Doc. 6.*

## II. Discussion

**A.     Due Process Claim**

Williams alleges that Defendants violated his due process rights in connection with his December 20, 2015 major disciplinary for indecent exposure, failing to obey a direct order, and insolence to staff. *Id.* As a result of that major disciplinary, Williams was required to spend thirty days in punitive isolation and his class was reduced. *Id.*

A prisoner has a constitutional right to due process during prison disciplinary hearings only if the punishment he received was sufficient to create a "liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Williams did *not* have a liberty interest in avoiding placement in punitive isolation for thirty days or in maintaining his class. *Moody v.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

*Daggett*, 429 U.S. 78, 88 n.9 (1976); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Williams also alleges that Defendants violated ADC rules during his December 20, 2015 disciplinary proceeding. However, prisoners do not have a constitutional right to require prison officials to comply with their internal rules and procedures. *See Phillips,* 320 F.3d at 847; *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997);

Thus, Williams has failed to plead a viable due process claim regarding his December 20, 2015 major disciplinary.

**B.      Retaliation Claim**

Williams alleges that Defendant Seals wrongfully accused him of the December 20, 2015 disciplinary violation in retaliation for him telling her supervisors that she had intentionally wiped snot on his cell bars and stuck her tongue out at him. *Doc. 6*

A prisoner cannot be retaliated against for exercising his constitutional right to complain about the conduct of prison guards. *See Haynes v. Stephenson,* 588 F.3d. 1152, 1155-56 (8th Cir. 2009); *Meuir v. Greene Cnty. Jail Emps*. 487 F.3d 1115, 1119 (8th Cir. 2007). However, a disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Sanders v. Hobbs,* 773 F.3d 186, 190-91 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).

Stated differently, a retaliation claim fails, *as a matter of law*, if there was "some evidence" to support the disciplinary conviction. *Id.* The Eighth Circuit has clarified that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Sanders,* 773 F.3d at 190; *Hartsfield,* 511 F.3d at 831. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, an impartial disciplinary hearing officer reviewed the disciplinary charge written by Defendant Seals and a witness statement provided by Sergeant Kendall. *Doc. 6 at 12 to15.* Those two statements are "some evidence" to support Williams's convictions. Thus, he has failed to plead a viable retaliation claim. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 2014) (explaining that a disciplinary conviction that is supported by some evidence "essentially checkmates" a retaliation claim).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 20th day of December, 2016.

*[signature: J. Thomas Ray]*

_____
UNITED STATES MAGISTRATE JUDGE